UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GUY MORGAN,<br>TDCJ # 662788, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | Civil Action<br>No. SA-09-CA-152-FB (NN) |
| v. | §<br>§ | |
| TEXAS BOARD OF PARDONS<br>AND PAROLES, | §<br>§<br>§ | Consolidated with Civil Action<br>No. SA-09-CA-153-FB (NN) |
| Respondent. | §<br>§ | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

**To:**   **Honorable Fred Biery**
          **Chief United States District Judge**

Pursuant to the referral in the above-styled and numbered case to the undersigned United States Magistrate Judge, and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(I)(B) and Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report is submitted for your review and consideration.

**Nature of the case**.  Petitioner Guy Morgan applied for habeas relief under 28 U.S.C. § 2254.  His application arose from his mandatory supervised release (parole) for two convictions for burglary of a habitation with intent to commit theft.[1]  Petitioner complains about the imposition of special condition X (sex-offender conditions).[2]  Specifically, Petitioner complains about untimely

---

[1] State court records, p. 26.

[2] Petitioner does not complain that sex-offender conditions were imposed on him for a theft conviction instead of for a sex offense in violation of his due process rights.  Such a claim would lack merit, because Petitioner was previously convicted of indecent exposure.  *See Jennings v. Owens*, 602
(continued...)

notice under Texas Department of Criminal Justice (TDCJ) sex-offender program guidelines. It is unclear whether Petitioner complains about untimely notification about being considered a sex offender, or about untimely notification about the imposition of special condition X, but Petitioner maintains the untimeliness violated his right to due process. Petitioner also complains about a violation of the Ex Post Facto Clause. He contends Respondent Texas Board of Pardons and Paroles (the Parole Board) lacked authority to impose sex-offender conditions, because he is controlled by "Article 62.52 13cl, section 1-5 (e) subsection 8 and 9," instead of chapter 508 of the Texas Government Code. Petitioner brings a double jeopardy claim based on the imposition of sex-offender conditions. Petitioner reported that he completed therapy at the time the crime was committed. He stated that his therapy focused on substance abuse issues, not deviate sexual behavior. Petitioner also complained that despite being trained by TDCJ as a computer programmer, Respondent prohibits him from using computers.

**The legal basis for Petitioner's claim**. Respondent asked the court to construe this case as civil rights action under 42 U.S.C. § 1983—rather than a habeas action under 28 U.S.C. § 2254—because Petitioner challenges matters affecting the conditions of confinement rather than the fact or duration of confinement.[3] Respondent argued that relief is unavailable under section 2254 because Petitioner cannot obtain release from prison if he prevails in this case. Petitioner insists he can rely on section 2254 for his claims.

Texas courts are split over whether conditions of parole may be challenged under section 2254.[4] The Fifth Circuit has not provided definitive guidance on this question, but has observed

---

[2](...continued)
F.3d 652, 659 (5th Cir. 2010).

[3]Docket entry # 9, pp.5-6.

[4]*Compare Sledge v. Thaler*, No. 3:10-CV-0456-P, 2010 WL 2817044, at *6 (N.D. Tex. June 28, 2010) (determining that section 1983 was the proper vehicle for challenging the imposition of
(continued...)

the following:

> While the Supreme Court has held that certain claims must be brought under the habeas statute rather than § 1983, neither the Supreme Court nor this court has held that certain claims must be brought under § 1983 rather than habeas. In *Preiser*, the Court held that habeas is exclusive of § 1983 in certain situations because the habeas statute is more specific than § 1983. *Preiser's* rationale does not support the proposition that the more general § 1983 should be exclusive of the more specific habeas in some situations.[5]

In this case, whether Petitioner's claims are properly brought 28 U.S.C. § 2254 or 42 U.S.C. § 1983 does not matter because Petitioner cannot prevail under either statute.

**Petitioner's claims are time-barred under section 2254**. If the court construes this case as a habeas petition under section 2254, Respondent contends the case is time-barred because Petitioner filed his petition outside of the AEDPA's one-year period.[6] Respondent maintains the limitations period for claims about the imposition of special condition X, including the restriction on computers, began on July 7, 2005, making Petitioner's section 2254 petition due not later than July 7, 2006, unless Petitioner had a properly filed application for state post-conviction or other collateral review to toll the running of the limitations period.[7]

The relevant statutory provision states the following:

---

[4](...continued) conditions of parole—electronic monitoring and sex-offender treatment—because a successful challenge would not result in an earlier release from custody), *with De La Cerda v. Dretke*, No. Civ. A. H-05-1270, 2005 WL 2656349, at *6 (S.D. Tex. Oct. 17, 2005) (determining habeas corpus review was available where the petitioner challenged the conditions of supervised release—electronic monitoring and residence at a community confinement center—because he challenged restrictions imposed on his liberty).

[5]*Coleman v. Dretke*, 409 F.3d 665, 670 (5th Cir. 2005).

[6]Docket entry # 9, p. 6.

[7]28 U.S.C. § 2244(d)(2). *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> * * *
>
> (D) the date on which the <u>factual predicate of the claim or claims presented</u> could have been discovered through the exercise of due diligence.[8]

The factual predicate of Petitioner's claims is the date he received notice of the conditions he complains about. Petitioner complains about the imposition of special condition X.

Petitioner was released on mandatory supervision and issued a certificate of mandatory supervision on November 25, 2002.[9] The conditions of release were presented to Petitioner on December 22, 2002. At that presentation, the conditions of Petitioner's release did not include sex-offender conditions. On April 1, 2003, another certificate of mandatory supervision was issued. This time, the conditions required Petitioner to submit to an evaluation to determine the need for sex-offender counseling.[10] The conditions of release were presented to Petitioner on May 2, 2003.[11] After Petitioner was evaluated,[12] the Parole Board imposed special condition X—on July 14, 2003.[13] Petitioner was presented with the special conditions on August 6, 2003.[14] Petitioner

---

[8] 28 U.S.C. § 2244 (underlining added).

[9] Docket entry # 9, exh. A.

[10] Docket entry # 9, exh. B, p. 1.

[11] Docket entry # 9, exh. B, p. 2.

[12] Docket entry # 9, exh. C.

[13] Docket entry # 9, exh. D.

[14] Docket entry # 9, exh. D, p. 3.

received a second notice of special conditions on July 7, 2005.[15] Among the special conditions, Petitioner could not "own, maintain, or operate computer equipment without a declared purpose and the written authorization of [Petitioner's] parole officer."[16] On October 11, 2006, Petitioner received another notice of special conditions.[17] Those conditions included adding the restriction on computers and altering the condition about residency such that Petitioner cannot leave his county of residence without written permission from his parole officer. On January 13, 2006, a parole officer instructed Petitioner not to use any computer.[18] Petitioner was instructed to submit on January 17, 2006, a declared purpose for using a computer. On January 17, 2006, a parole officer instructed Petitioner not to use any computer for any reason.[19] On February 6, 2008, Petitioner received another notice of special conditions.[20] The special conditions were set out in a more concise format and included the condition that Petitioner not own, maintain, or operate computer equipment. Specific information regarding two conditions was added, concerning Petitioner's attendance at a substance abuse treatment program and counseling session, both beginning on specific dates in February 2008.[21]

**Under the above facts, Petitioner's habeas petition is time-barred**. Petitioner complains generally about the imposition of special condition X and particularly about the restriction on computer use. At the very latest, Petitioner was notified on January 17, 2006, that he

---

[15]Docket entry # 9, exh. E.

[16]Docket entry # 9, exh. E, p. 2.

[17]Docket entry # 9, exh. F.

[18]Docket entry # 9, exh. G, p. 1.

[19]Docket entry # 9, exh. G, p. 2.

[20]Docket entry # 12, exh. H.

[21]Docket entry # 12, exh. H.

was absolutely prevented from owning or using a computer. Consequently, the latest date for filing a section 2254 petition concerning the computer restriction was January 17, 2007. Petitioner's first state habeas corpus application was denied in 2004, which was before the restriction regarding computers was initiated. Petitioner filed two habeas corpus applications (writ nos. 58,058-02 & 58,058-03) on January 16, 2008.[22] Petitioner's state habeas corpus application filed on January 16, 2008 did not toll the limitations period. The section 2254 petition filed on February 25, 2009[23] was untimely.

Petitioner maintains that each notice of special conditions, including special condition X and the restriction on computers, constituted a constitutional violation under the continuing claims doctrine (also known as the continuing violation theory),[24] but the Fifth Circuit has never applied the continuing violation theory to petitions under section 2254.

Petitioner asserts a determination about restoration of computer use was made for Petitioner in March 2007, but he provided no further factual allegations or support for his assertion. Even if a date in March 2007 served as the triggering date for the statute of limitations, the section 2254 petition is untimely. Petitioner's state habeas corpus applications would have tolled the limitations from January 16, 2008 through April 2, 2008, when the application in writ no. 58,058-03 was denied. Using March 31, 2007, as the beginning date for the statute of limitations, a timely section 2254 petition was due on March 31, 2008. Adding 78 days to that date to account for tolling from January 16, 2008, through April 2, 2008, would result in a new limitations date of June 17, 2008, for a section 2254 petition. But Petitioner's petition was filed February 25, 2009,

---

[22] State court records, p. 37.

[23] Docket entry # 1.

[24] *See McGregor v. La. St. Univ. Bd. of Supervisors*, 3 F.3d 850, 862 (5th Cir. 1993) (continuing effects of an action does not alter the starting date of the limitations period for the action); *Jackson v. Galan*, 868 F.2d 165, 168 (5th Cir. 1989) (further actions by a defendant regarding an initial action may result in a continuing violation and new limitations period based on the further actions).

so it is untimely even if the March 2007 reconsideration of computer restoration is used as the relevant date.  Moreover, any reliance on March 2007 events would apply only to claims regarding computer use.

Petitioner provided a copy of another notice of special conditions he received on February 6, 2008.  That notice set out the special conditions in a more concise format, adding specific information about attending a substance abuse treatment program and counseling session, beginning on specific dates in February 2008.  Instead of a separate, distinct re-imposition of special condition X, the February 6, 2008 notice altered conditions already imposed, in the same way as other prior notices.  For example, Petitioner was presented with the original special conditions on August 6, 2003.  Petitioner received another notice of special conditions on July 7, 2005.  Among the special conditions in the July 2005 notice was a new condition that Petitioner could not "own, maintain, or operate computer equipment without a declared purpose and the written authorization of [Petitioner's] parole officer."  On October 11, 2006, Petitioner received another notice of special conditions.  The October 2006 conditions included the restriction on computers and slightly altered one condition.  Instead of requiring Petitioner to reside in his county unless otherwise provided for, the October 2006 conditions restricted Petitioner from leaving his county of residence without written permission from his parole officer.  Thus, the different notices of special conditions did not reflect separate considerations of whether to re-impose special condition X generally, but instead reflected alterations or additions of specific conditions.  As such, the factual predicate date for the imposition of special condition X generally was August 6, 2003; the factual predicate date for the imposition of an absolute prohibition regarding computers was January 17, 2006 at the latest.

Any claim regarding the February 6, 2008 notice of special conditions is unexhausted.  Petitioner filed his state habeas corpus application on January 16, 2008, and the state writ record does not show Petitioner supplemented his writ applications with information or claims about the

February 6, 2008 notice.

Petitioner also asserts that the Texas Court of Criminal Appeals did not rely on a procedural bar.  The statute of limitations under the AEDPA's one-year limitations applies to federal petitions, not state petitions, so the fact that the Court of Criminal Appeals did not rely on the federal statute of limitations has no relevance to whether it applies to his federal petition.

**Equitable tolling does not apply**.  The one-year limitations period can be equitably tolled in rare and exceptional circumstances.[25]  Equitable tolling applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented the petitioner from asserting his rights.[26]  Petitioner does not explain why the limitations period should be equitably tolled.  The record reflects no reason for tolling the limitations period.  Filed outside of the one-year limitations period, Petitioner's section 2254 petition is time-barred.

**Even if the petition was timely, the petition fails to state a claim upon which relief may be granted**.  In 28 U.S.C. § 2254 habeas corpus cases, federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of federal constitutional or other federal rights.[27]  Rule 2(c) of the Rules Governing § 2254 Cases states a petition shall "set forth in summary form the facts supporting each of the grounds" presented.  Petitioner's claims are conclusory because he fails to allege facts in support of his claims.[28]  In the absence of factual allegations supporting his claims, the petition fails to state a claim upon which relief may be granted.

---

[25] *See Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).

[26] *See Phillips v. Donnelly*, 216 F.3d 508, 510-11 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

[27] 28 U.S.C. §§ 2241, 2254.

[28] *See West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

**Petitioner's petition is also untimely if construed as a civil rights action under 42 U.S.C. 1983**. The statute of limitations for civil rights claims arising in Texas is two years.[29] Petitioner's claims concerning the imposition of special condition X generally arose no later than August 6, 2003, and claims about the imposition of an absolute prohibition regarding computers arose on January 17, 2006, at the latest. Thus, the last day on which Petitioner could have timely filed a section 1983 complaint regarding the claims was August 6, 2005, if based on the August 6, 2003 notice; and January 17, 2008, if based on the January 17, 2006 notice. The complaint was untimely because it was filed after those dates—on February 25, 2009.

**Even if Petitioner timely filed a section 1983 complaint, Petitioner's complaint about a due process violation fails to state a claim upon which relief may be granted**. To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law.[30] Under 28 U.S.C. § 1915A, the court must screen a prisoner complaint and dismiss the complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous if it lacks an arguable legal or factual basis.[31] To state a claim under Rule 12(b)(6),[32] the plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," *i.e.* the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and

---

[29] *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (Texas's two-year limitations period for torts applies to section 1983 actions in Texas).

[30] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[31] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[32] Fed. R. Civ. P. 12(b)(6).

conclusions, and a formulaic recitation of the elements of a cause of action will not do."[33] When interpreting a prisoner's complaint, the court considers the substance of the complaint and sets aside statements of "bare legal conclusions, with no suggestion of supporting facts."[34] A conclusory complaint—one that fails to refer to material facts—may be dismissed as frivolous[35] or as failing to state a claim.[36]

Petitioner contends there was a due process violation because the TDCJ parole policy provided that sex offenders shall be given notice upon release at the initial interview or no later than seven calendar days of release or return to active supervision. He asserts he was untimely notified under the policy. Regardless of whether Petitioner contends he was untimely notified he was considered a sex offender, or whether he contends he was untimely notified about the imposition of sex-offender conditions, the claim lacks merit because federal habeas corpus relief is not available for errors of state law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States."[37] Similarly, to establish a claim under section 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law.[38]

Here, Petitioner alleges TDCJ failed to follow its own policy. Failure to follow TDCJ policy is at most a matter of state policy, not federal constitutional law. The failure to follow state

---

[33]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[34]*See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

[35]*See, e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988).

[36]*See Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th 2006).

[37]*Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

[38]*West v. Atkins*, 487 U.S. 42, 48 (1988).

regulations or policy, without more, does not violate the United States Constitution.[39] Additionally, the Fifth Circuit has determined that a parolee who has been convicted of a sex offense cannot show a liberty interest to establish a violation of the right to procedural due process upon the imposition of sex-offender special conditions. In *Jennings v. Owens*,[40] the Fifth Circuit reasoned as follows:

> [T]he imposition of the three sex offender conditions—the sex offender treatment program, the relationship restriction, and the computer-use restriction—would indeed cause stigma, if they were imposed on an individual who, like Coleman, had never been convicted of a sex offense. However, Jennings has been convicted of a sex offense. He pleaded guilty to aggravated kidnaping and stipulated to the fact that he committed the kidnaping with the intent to commit indecency with a child and with the intent to violate and sexually abuse his eight-year-old victim. By imposing sex offender conditions on Jennings, the parole board admittedly labels him as a sex offender. This label is not false as applied to Jennings; it accurately reflects Jennings's status, and he had a full and fair opportunity to contest that status. Therefore, Jennings has not shown that he has a liberty interest that was infringed in violation of his right to procedural due process when the parole board imposed sex offender special conditions on his parole.[41]

As in *Jennings*, Petitioner was once convicted of sex offenses. Petitioner was convicted of indecent exposure in 1987 and 1989.[42] Petitioner had the opportunity in those cases to contest whether he committed sex offenses. Petitioner has not shown a violation of his procedural due process rights.

**The Petitioner's complaint about an Ex Post Facto Clause violation also fails to state a claim upon which relief may be granted**. Petitioner claims an ex post facto violation. He argues the Parole Board lacked authority to impose sex-offender conditions because he is controlled by "Article 62.52 13cl, section 1-5 (e) subsection 8 and 9," instead of chapter 508 of the

---

[39]*See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009).

[40]602 F.3d 652 (5th Cir. 2010).

[41]*Jennings*, 602 F.3d at 659 (citations omitted).

[42]*See* state court records, p. 39, ¶ 3.

Texas Government Code. Petitioner's argument is unclear, but the petition is reasonably construed as referring to Texas's first sex-offender registration statute and claiming an exemption from sex-offender registration and sex-offender parole conditions because Petitioner's convictions were not reportable offenses at the time of conviction.[43] Petitioner cannot show an ex post facto violation because sex-offender conditions of parole or mandatory supervision do not violate the Ex Post Facto Clause.[44] Such conditions do not violate the Ex Post Facto Clause because sex-offender conditions of parole are not intended to be punitive and serve important nonpunitive goals.[45]

**Petitioner's complaint about a double-jeopardy violation fails to state a claim**. Petitioner further alleges a violation of double jeopardy. He maintains he completed therapy at the time the crime was committed, and to impose therapy and conditions without a new or similar crime, punishes him twice. This claim does not violate the Double Jeopardy Clause because sex-offender conditions are nonpunitive.[46]

---

[43] The Texas legislature passed its first sex offender registration statute in 1991. The statute applied only "to a reportable conviction or adjudication occurring on or after September 1, 1991." The statute was amended, effective September 1, 1997, to permit retroactive application to someone with "a reportable conviction or adjudication occurring on or after September 1, 1970." This retroactive application was restricted, however, to persons who were "confined in a penal institution . . . or . . . under the supervision and control of . . . the pardons and paroles division of the Texas Department of Criminal Justice" pursuant to the reportable conviction on or after the effective date of the 1997 amendment.

*Ex parte Arce*, 297 S.W.3d 279, 281 (Tex. Crim. App. 2009).

[44] *Smith v. Doe*, 538 U.S. 84, 103-04 (2003); *Cruz v. Tex. Parole Div.*, 87 Fed. App'x 346, 347 (5th Cir. 2004); *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003); *Herron v. Cockrell*, 78 Fed. App'x 429, 430 (5th Cir. 2003).

[45] *Rieck*, 321 F.3d at 488.

[46] *See Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 663 (E.D. Tex. 2004) (stating that
(continued...)

**Petitioner's remaining complaints fail to state a claim**.  Petitioner argues his therapy was to be short term.  He also states the therapy was focused on substance abuse issues, rather than deviate sexual behavior.  These allegations fail to state or allege a federal constitutional claim.

Petitioner contends a parole condition imposed a restriction on his computer use.  He states he was violated and incarcerated for having a computer.  Petitioner contends "Parole" monitored his computer on a monthly basis after it was taken away.  He complains "Parole" never told him to remove the computer from his home, and when a new parole officer was assigned to his case, the officer violated Petitioner's parole.  Petitioner does not clearly allege or state a federal constitutional claim.  In any event, restrictions on computers do not pose atypical and significant hardships in relation to the ordinary incidents of parole supervision, so they do not implicate the deprivation of a protected liberty interest sufficient to support a due process claim.[47]

**Recommendation**.  I recommend construing the Petitioner's claims as a petition under 28 U.S.C. § 2254 and DISMISSING the petition as time-bared.  Because the petition is time-barred, I recommend DENYING a certificate of appealability.  If the court construes the claims as a complaint under 42 U.S.C. § 1983, I recommend DISMISSING the complaint as time-barred.  Because Petitioner does not have a "good faith" non-frivolous issue for appeal—required for leave to proceed in forma pauperis[48]—I do not recommend leave to proceed in forma pauperis on appeal.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

---

[46](...continued)
petitioner's double-jeopardy clause claim failed because the Texas sex-offender registration statute is a civil statute rather than a punitive statute).

[47]*Williams v. Ballard*, No. 3-02-CV-0270-M, 2004 WL 1499457, at *6 n.6 (N.D. Tex. June 18, 2004).

[48]*See* 28 U.S.C. § 1915(a)(3).

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[49]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[50]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[51]

**SIGNED** on December 15, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[49] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[50] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[51] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).